UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL JASON CALDERON,<br><br>                                     Plaintiff,<br><br>-against-<br><br>TRUCONNECT COMMUNICATIONS; SAGE TELECOM; TELESCAPE COMMUNICATIONS; TRUCONNECT DIRECT,<br><br>                                     Defendants. | 1:22-CV-5192 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jason Calderon, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction and asserting claims under the False Claims Act's "whistleblower" provision. Plaintiff sues: (1) Truconnect Communications, (2) Sage Telecom, (3) Telescape Communications, and (4) Truconnect Direct. He seeks "30% of what [the] [f]ederal government rec[ei]ves as [a] result of this action." (ECF 2, at 6.) Plaintiff requests that his complaint be filed under seal.

By order dated July 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court denies Plaintiff's request that his complaint be filed under seal, and the Court dismisses this action.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that the events that are the basis for his claims have occurred "online and at call centers." (ECF 2, at 5.) He also alleges "widespread misuse, abuse, waste, deception[,] an[d] violation of [f]ederal False Claims Act, and FCC[] lifeline rules." (*Id.*) Plaintiff further alleges "[n]o [a]gent support, [r]etaliation, blocking of [his] NLAD, withholding devices, manipulating pay [and] withholding records, withholding acces[s] to NLAD properly add clients, application info, commissions from prepaid, Topups, and ALPADDONNS not credited, ect, ect, ect.[sic]" (*Id.* at 6.)

Plaintiff asserts that his injuries are: "loss of income, not being properly credited or com[m]ission and earnings, customers, not receiving phones [and] service that is promised [sic]." (*Id.*)

## DISCUSSION

**A.    False Claims Act**

Plaintiff asserts claims under the False Claims Act ("FCA"), which imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a private person (known as a

"relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

In *qui tam* actions under the FCA, "relators have standing to sue not as agents of the United States, but as partial-assignees of the United States' claim to recovery." *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citing *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000)). The United States "remains the real party in interest." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). Although a *qui tam* action is litigated by the relator, it "is not the relator's 'own' case as required by 28 U.S.C. § 1654, nor one in which he has 'an interest personal to him.'" *Id.* (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

In order to proceed *pro se*, "[a] person must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558; *see* § 1654. Because a litigant can proceed *pro se* only when bringing his own case, and because a *qui tam* action under the FCA is brought for and in the name of the United States, which remains the real party in interest, a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed pro se." (citing § 1654 and *Iannaccone*, 142 F.3d at 558)). Accordingly, because Plaintiff cannot proceed *pro se* with his claims under the FCA, the Court dismisses those claims.

B.   Request to seal

Plaintiff seeks to have his complaint filed under seal. A party requesting the sealing of court documents must overcome a strong presumption in favor of public access to judicial records, *see Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006), and "[t]he burden of

3

demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action," *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Plaintiff's request to have his complaint sealed appears to be predicated on the FCA's requirement that complaints filed under that statute "shall be filed *in camera* [and] shall remain under seal for at least 60 days. . . ." 31 U.S.C. § 3730(b)(2). The Court has dismissed Plaintiff's claims under the FCA, however, and thus, there is no longer a statutory basis to shield this action from public view. Moreover, Plaintiff's complaint is a "judicial document," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). The Court therefore denies Plaintiff's request to have the complaint sealed.

**C.  Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

For the reasons set forth in this order, the Court denies Plaintiff's request for the complaint to be sealed, and the Court dismisses this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    Judgment shall issue.

SO ORDERED.

Dated:   July 26, 2022
           New York, New York

                                                      /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                          Chief United States District Judge